PER CURIAM.
For the following reasons, we vacate the trial court’s second order denying Cas-seus’s motion to vacate his conviction and sentence pursuant to Florida Rule of Criminal Procedure 3.850. First, because the state had appealed the decision of this court reported as Casseus v. State, 508 So.2d 1251 (Fla. 3d DCA 1987), to the supreme court, the trial court was without jurisdiction to enter a second order denying the relief sought. See Bedami v. State, 115 So.2d 412 (Fla.1959); Lee v. State, 392 So.2d 913 (Fla. 1st DCA 1980); Wells v. State, 362 So.2d 441 (Fla. 4th DCA 1978); Gobie v. State, 188 So.2d 34 (Fla. 3d DCA), appeal dismissed, 192 So.2d 485 (Fla.1966). Second, this court had granted the state’s motion to stay the issuance of our mandate pending the resolution of the appeal to the supreme court. Consequently, the trial court acted improperly in ignoring the stay and entering the second order denying post conviction relief. Cf. State ex rel. Schwartz v. Lantz, 440 So.2d 446 (Fla. 3d DCA 1983) (trial judge acted improperly in conducting hearing and entering order after district court had issued order staying proceedings), review dismissed, 447 So.2d 887 (Fla.1984). Accordingly, the trial court’s order is vacated.