575 So.2d 237 (1991)
Max DAILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02517.
District Court of Appeal of Florida, Second District.
February 6, 1991.
Rehearing Denied March 6, 1991.
*238 Stephen K. Johnson and Emmett M. Donnelly of Stephen K. Johnson, P.A., Gainesville, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Appellant Max Dailey pled guilty to two counts of attempted first-degree murder with a firearm. Dailey challenges the court's refusal to allow him to withdraw his plea of guilty and alleges errors in the sentencing process. We affirm the convictions but remand for corrections in his sentence.
Dailey was charged with attempted premeditated murder of his former wife, Eloise Phillips, and her husband, Jack Phillips. After he changed his original plea of not guilty to guilty, the trial court adjudicated him guilty of these offenses. He was given a recommended guidelines sentence of seventeen years in prison with two consecutive three-year mandatory sentences. The trial judge, however, failed to comply with section 775.089, Florida Statutes (1985), which requires that the court award restitution to the victims unless it states reasons not to do so.
After Dailey had been transported to the Department of Corrections, the state filed a motion to modify Dailey's sentence to include restitution. Dailey filed a notice of appeal to this court on September 11, 1990. Later that same day, the court entered an amended order adding a requirement that Dailey make restitution for injuries to the victims. The order also directed that Dailey serve fifteen years' probation following his imprisonment with the provision that probation was to terminate upon completion of his restitution obligations.
We find merit only to Dailey's contention concerning the order of restitution and the accompanying probationary aspect of his sentence. Once the notice of appeal had been filed, the trial court was divested of jurisdiction. Wolfson v. State, 437 So.2d 174 (Fla.2d DCA 1983). Therefore, the court lacked jurisdiction to enter the amended sentence.
Dailey's original sentence, however, was incomplete. Therefore, on remand the trial court shall comply with section 775.089(1)(a) which, since 1984, has required that the court order restitution unless reasons exist not to do so. Grice v. State, 528 So.2d 1347 (Fla. 1st DCA 1988) (sentence not including restitution or reasons for failing to impose it is incomplete and may be modified by the trial court). See also Gilmore v. State, 479 So.2d 791, 792 (Fla. 2d DCA 1985). Dailey has begun to serve his sentence. Therefore, while the court can impose restitution to make his sentence legally complete, it cannot now add a probationary term to his original sentence. See Bickowski v. State, 530 So.2d 470 (Fla. 5th DCA 1988). To do so *239 would constitute an unauthorized enhancement. Florida Rule of Criminal Procedure 3.800 provides for reduction or modification of sentences, but there is no provision for subsequent enhancement of a legal sentence. See, Hinton v. State, 446 So.2d 712 (Fla. 2d DCA 1984); Royal v. State, 389 So.2d 696 (Fla. 2d DCA 1980).
Affirmed in part and remanded in part for correction of sentence.
HALL and THREADGILL, JJ., concur.