PARKER, Judge.
Dewayne Key appeals the summary denial of his motion for postconviction relief in two separate cases, lower court file numbers 87-11271 and 87-9763. We affirm the trial court’s order in case number 87-11271 because Key’s motion was untimely filed.
As to the second case, although Key raises numerous issues, we find only two have merit. First, Key alleges he was re-sentenced by the trial court in May 1988, after his notice of direct appeal was filed in April 1988. If that is true, the trial court lacked jurisdiction to resentence Key. See Figone v. Downey, 547 So.2d 697 (Fla. 2d DCA 1989). The trial court’s order, in addressing this issue, states that Key’s notice of appeal was filed in May 1988. However, the documents Key attached to his motion reflect that this court received documents indicating the filing date for the notice of appeal was April 19, 1988. Therefore, the trial court’s order does not refute Key’s allegation.
Secondly, Key alleges that the trial court’s failure to advise him at the change of plea hearing of the minimum mandatory sentences required to be imposed constituted error. See State v. Wilson, 395 So.2d 520 (Fla.1981); Brown v. State, 585 So.2d 350 (Fla. 4th DCA 1991). The plea colloquy which the trial court attached to its order denying Key’s motion does not conclusively refute Key’s claim.
Concerning these two issues only, we remand lower case number 87-9763 to the trial court. The trial court either should hold an evidentiary hearing or attach portions of the record to refute Key’s claims. See Smith v. State, 582 So.2d 796 (Fla. 5th DCA 1991).
RYDER, A.C.J., and ALTENBERND, J., concur.