600 So.2d 551 (1992)
James Dale BAUMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00733.
District Court of Appeal of Florida, Second District.
June 19, 1992.
*552 James Marion Moorman, Public Defender, and Timothy A. Hickey, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sue R. Henderson, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
James Bauman appeals his judgment and sentences for felony driving under the influence of alcohol and for driving with a suspended driver's license. Bauman raises four issues on appeal. We find that only those issues related to costs, fees, and an amended probation order have merit.
First, section 943.25(4), Florida Statutes (1989), which is printed on the final judgment and utilized to impose costs of $2.50, does not authorize the imposition of costs. We strike these costs. See Alfonso v. State, 595 So.2d 583 (Fla. 2d DCA 1992); Siplin v. State, 584 So.2d 599 (Fla. 2d DCA 1991).
Second, the trial court orally imposed public defender fees in the amount of $150. The trial court, however, failed to include the public defender fees in the judgment and sentence. Thus the trial court must correct the judgment and sentence to conform with its oral pronouncement. See Freeman v. State, 594 So.2d 834 (Fla. 2d DCA 1992).
Third, Bauman's order of community control and his written disposition and commitment form reflect imposition of court costs in the amount of $461 as to the driving under the influence conviction. The disposition and commitment form also notes imposition of court costs of $101 as to Bauman's driving with a suspended license conviction. These costs were: (1) not orally pronounced by the trial court; (2) not included in the written judgment; and (3) without citation to statutory authority authorizing the imposition of such costs. We strike the costs that exceed those imposed pursuant to section 960.20 and those imposed for public defender fees. See Nutter v. State, 590 So.2d 4 (Fla. 1st DCA 1991).
Finally, the trial court lacked jurisdiction to file the amended order of probation after Bauman had filed his notice of appeal. See Dailey v. State, 575 So.2d 237 (Fla. 2d DCA 1991). However, since the trial court's original order of probation does not comport with its oral pronouncement regarding fines and costs, the trial court on remand must correct the order of *553 probation to include the proper fines and costs. Cf. Dailey (trial court lacked jurisdiction to file amended order adding restitution after defendant filed notice of appeal, but on remand trial court directed to correct sentence to comply with restitution statute).
Reversed in part and remanded for further proceedings consistent with this opinion.
DANAHY, A.C.J., and PARKER and ALTENBERND, JJ., concur.