629 So.2d 1110 (1994)
Christopher R. KIMMEL, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1112.
District Court of Appeal of Florida, First District.
January 20, 1994.
Christopher R. Kimmel, pro se.
Robert A. Butterworth, Atty. Gen., and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellee.

ORDER ON APPELLEE'S MOTION TO DISMISS
PER CURIAM.
Christopher Kimmel appeals an order which denied his petition for writ of error coram nobis. Appellee State of Florida has moved for dismissal of this appeal, showing that Kimmel had previously petitioned the same circuit court for writ of error coram nobis, the petition was denied, and appeals were taken in case numbers 92-3890 and 92-3471. Appellee's theory is that these appeals divested the trial court of jurisdiction to consider the subsequent petition for writ of error coram nobis. In support of dismissal, the state relies upon State v. Meneses, 392 So.2d 905 (Fla. 1981) and Braxton v. State, 568 So.2d 1003 (Fla. 2d DCA 1990), dismissed, 577 So.2d 1325 (Fla. 1991). Appellee argues that since the trial court entered the order here on appeal without jurisdiction the order is a nullity and this appeal should be dismissed.
We deny the motion to dismiss. The Meneses case holds that a direct appeal from judgment and sentence divests the trial court of jurisdiction to consider a motion for post-conviction relief. The Second District extended this rationale to find that appeal from an order denying a motion for post-conviction relief divests the trial court of jurisdiction to consider a subsequent motion for post-conviction relief. We will assume that the reasoning of Braxton is also applicable in other collateral proceedings such as these petitions for writ of error coram nobis. We must, however, question the correctness *1111 of the Braxton rationale. The general rule is that an appeal of an order divests the trial court of jurisdiction except to those matters which do not interfere with the power of the appellate court to determine the issues which are on appeal. Palma Sola Harbour Condominium, Inc. v. Huber, 374 So.2d 1135, 1138 (Fla. 2d DCA 1979). This test, when applied to the Meneses facts, supports the conclusion that the trial court has been divested of jurisdiction to grant post-conviction relief during a direct criminal appeal. The same cannot be said, however, of an appeal from an order denying post-conviction relief or other collateral proceeding if the issues presented in a subsequent motion or petition are unrelated to those previously denied and which are then on appeal.
Moreover, even if we were to agree with the state's basic premise of divestment of jurisdiction, we find that a motion to dismiss is not the appellee's appropriate remedy. Where a trial court has denied relief on the merits and appellee is of the view that the trial court lacked jurisdiction, the appropriate response is to present this argument to the court in the answer brief as an alternative grounds for affirmance.
In light of the above appellee's motion to dismiss is denied.
ZEHMER, C.J., SMITH and LAWRENCE, JJ., concur.