631 So.2d 362 (1994)
Derrick Lamont JORDON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1456.
District Court of Appeal of Florida, First District.
February 9, 1994.
Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Richard Parker, Asst. Atty. Gen., Tallahassee, for appellee.
DAVIS, Judge.
Appellant appeals a corrected sentence entered April 7, 1993, nunc pro tunc February 19, 1993. Because appellant's original judgment and sentence was pending appeal in this court at the time appellant was resentenced, the trial court lacked jurisdiction to correct appellant's sentence. The sentence entered April 7, 1993, nunc pro tunc February 19, 1993 is therefore reversed and the cause remanded for resentencing.
*363 On September 16, 1991, upon a plea of nolo contendere, appellant was adjudicated guilty of passing a stolen lottery ticket and petit theft. Appellant was sentenced to 18 months in state prison, followed by two years probation. Appellant violated his probation in 1992. On March 10, 1992, appellant was adjudicated guilty on the charge of violation of probation and was sentenced to state prison for 36 months with credit for two years time served. Appellant filed a notice of appeal in this court on March 20, 1992. The prosecutor later requested the court to correct appellant's sentence after the Department of Corrections determined that the two-year credit for time served was excessive. At a hearing held on April 6, 1993, the court determined that appellant was entitled to credit for 22 days served plus whatever credit appellant was entitled to as determined by the Department of Corrections. A new judgment and corrected sentence was entered on April 7, 1993. On May 5, 1993, this court issued a per curiam affirmed opinion in the appeal of the appellant's original judgment and sentence and the mandate issued on May 21, 1993.
The appeal of appellant's original judgment and sentence removed jurisdiction from the trial court and eliminated the trial court's authority to correct appellant's sentence while the appeal was pending. See Kelly v. State, 359 So.2d 493 (Fla. 1st DCA 1978); Bauman v. State, 600 So.2d 551 (Fla. 2d DCA 1992); Key v. State, 599 So.2d 1040 (Fla. 2d DCA 1992); Dailey v. State, 575 So.2d 237 (Fla. 2d DCA 1991); Hicks v. State, 559 So.2d 1265 (Fla. 3d DCA 1990); Wolfson v. State, 437 So.2d 174 (Fla. 2d DCA 1983).
Appellee relies on State v. Burton, 314 So.2d 136 (Fla. 1975); Goene v. State, 577 So.2d 1306 (Fla. 1991) and United States v. Bishop, 774 F.2d 771 (7th Cir.1985) to support its argument that this restriction does not apply to orders, judgments or decrees which are the product of fraud, collusion, deceit or mistake. We find that appellee's reliance on Burton, Goene and Bishop is misplaced since the circumstances in those cases did not involve the correction of a sentence while the same judgment and sentence was pending appeal.
We note that the factual situation here is distinguishable from Kimmel v. State, 629 So.2d 1110 (Fla. 1st DCA 1994). In Kimmel, appellee moved to dismiss an appeal from an order which denied appellant's petition for writ of error coram nobis on the ground that pending appeals divested the trial court of jurisdiction to consider the petition. This court denied the motion to dismiss the appeal in that case because the issues presented in appellant's petition were unrelated to those previously denied and then on appeal. As noted in Kimmel, the general rule is that an appeal of an order divests the trial court of jurisdiction except to those matters which do not interfere with the power of the appellate court to determine the issues which are on appeal. Unlike Kimmel, the jurisdiction of this court in the present case was exclusive as to the subject matter of the appeal.
The corrected sentence entered April 7, 1993, nunc pro tunc February 19, 1993 is reversed and the cause is remanded for resentencing.
BOOTH and LAWRENCE, JJ., concur.