678 So.2d 510 (1996)
The STATE of Florida, Appellant,
v.
Freddy MORALES, Appellee.
No. 95-3214.
District Court of Appeal of Florida, Third District.
August 28, 1996.
Robert A. Butterworth, Attorney General, and Avi J. Litwin, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Louis Campbell, Assistant Public Defender, for appellee.
Before JORGENSON, COPE and SHEVIN, JJ.
PER CURIAM.
Affirmed. Burdick v. State, 594 So.2d 267 (Fla.1992); State v. Eason, 592 So.2d 676 (Fla.1992); Zequeira v. State, 671 So.2d 279, 279 (Fla. 3d DCA 1996)("Sentencing under the habitual offender statute as well as the imposition of minimum mandatory terms is permissive, not mandatory.").
JORGENSON and SHEVIN, JJ., concur.
COPE, Judge (specially concurring).
I concur that the state is not entitled to any relief on this appeal, but reach that conclusion on procedural grounds. I would vacate the order under review because the trial court was without jurisdiction to enter it.
Defendant was convicted of introduction into, removal, or possession of contraband in a state correctional institution, in violation of section 944.47, Florida Statutes (1993), a second degree felony. He was adjudicated a habitual violent felony offender. The trial court imposed a ten-year sentence with a five-year mandatory minimum term. Defendant filed an appeal.
While the appeal was pending, the state filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). The state argued that the sentence was illegal because the trial court had only imposed a five-year mandatory minimum term, instead of the ten-year mandatory minimum term for a habitual violent felony offender who has been convicted of a second degree felony. See § 775.084(4)(b), Fla. Stat. (1993). Defendant objected that the trial court was without jurisdiction to entertain the state's motion. The trial court overruled the objection. On the merits, the court ruled that for a habitual violent felony offender, the trial court has discretion over the length of the mandatory minimum sentence. The state has appealed.
In my view the defendant was correct in saying that the trial court did not have jurisdiction because the state did not file its motion until after the notice of appeal had already been filed. See Loeb v. State, 387 So.2d 433, 435 (Fla. 3d DCA 1980); Gorman v. State, 636 So.2d 203 (Fla. 1st DCA 1994); see also Jordon v. State, 631 So.2d 362 (Fla. 1st DCA 1994); Bauman v. State, 600 So.2d 551 (Fla. 2d DCA 1992); Key v. State, 599 So.2d 1040 (Fla. 2d DCA 1992); Dailey v. *511 State, 575 So.2d 237 (Fla. 2d DCA 1991); Hicks v. State, 559 So.2d 1265 (Fla. 3d DCA 1990); Casseus v. State, 509 So.2d 965 (Fla. 3d DCA 1987).
The Second District has held to the contrary, ruling that a trial court has concurrent jurisdiction to correct an illegal sentence under Rule 3.800(a) without a relinquishment of jurisdiction. Carter v. State, 21 Fla. L. Weekly D1459 (Fla. 2d DCA June 19, 1996); Curry v. State, 657 So.2d 50 (Fla. 2d DCA 1995), review granted, 676 So.2d 412 (Fla. June 25, 1996); Easterling v. State, 596 So.2d 103 (Fla. 2d DCA 1992); Barber v. State, 590 So.2d 527 (Fla. 2d DCA 1991).
It seems to me that under the terms of Florida Rule of Appellate Procedure 9.600(b), as well as the weight of Florida authority, a relinquishment of jurisdiction was necessary in order for the trial court to entertain the state's motion. Consequently we should vacate the trial court order as having been entered without jurisdiction.[1]
NOTES
[1] On the merits, I agree that the trial court's ruling was consistent with Zequeira v. State, 671 So.2d 279 (Fla. 3d DCA 1996), although other districts disagree. See White v. State, 618 So.2d 354 (Fla. 1st DCA 1993); Sims v. State, 605 So.2d 997 (Fla. 2d DCA 1992); Martin v. State, 608 So.2d 571 (Fla. 5th DCA 1992).