739 So.2d 1258 (1999)
Oscar Frank NORMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 99-2351.
District Court of Appeal of Florida, First District.
August 20, 1999.
Appellant pro se.
Robert A. Butterworth, Attorney General; Sherri Tolar Rollison, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Oscar Frank Norman appeals an order striking the motion he filed under Florida Rule of Criminal Procedure 3.850 alleging ineffective assistance of counsel. He filed this motion after taking an appeal from denial of a motion he filed under Florida Rule of Criminal Procedure 3.800(a) challenging the habitual offender sentence he received. None of the grounds raised in the motion the trial court struck here related in any way to Mr. Norman's earlier claim that his habitual offender sentence constituted an illegal sentence. See Keel v. State, 24 Fla. L. Weekly D692, 740 So.2d 4 (Fla. 1st DCA 1999); Bates v. State, 704 So.2d 562, 563 (Fla. 1st DCA 1997); Kimmel v. State, 629 So.2d 1110, 1110-11 (Fla. 1st DCA 1994). The trial court struck his motion, however, on grounds it lacked jurisdiction to consider the motion. As we have previously explained:
The general rule is that an appeal of an order divests the trial court of jurisdiction except to those matters which do not interfere with the power of the appellate court to determine the issues which are on appeal. Palma Sola Harbour Condominium, Inc. v. Huber, 374 So.2d 1135, 1138 (Fla. 2d DCA 1979). This test, when applied to the [State v. Meneses, 392 So.2d 905 (Fla.1981)] facts, supports the conclusion that the trial court has been divested of jurisdiction to grant post-conviction relief during a direct criminal appeal. The same cannot be said, however, of an appeal from an order denying post-conviction relief or other collateral proceeding if the issues presented in a subsequent motion or petition are unrelated to those previously denied and which are then on appeal.
Kimmel, 629 So.2d at 1111 (emphasis in original); see also Bates, 704 So.2d at 563 ("[A]n appeal of a postconviction relief matter will not deprive trial courts of jurisdiction so long as the issues raised in the *1259 two cases are unrelated."). We therefore quash the order striking Mr. Norman's motion and remand for additional proceedings.
BOOTH and BENTON, JJ., and SMITH, LARRY G., Senior Judge, CONCUR.