808 So.2d 274 (2002)
Steven P. McFARLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-1800.
District Court of Appeal of Florida, First District.
February 26, 2002.
Appellant, pro se.
Robert A. Butterworth, Attorney General, and Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant filed a motion under Rule 3.850 in the trial court on January 4, 2000. On January 26, 2000, the appellant filed a notice of appeal of the denial of a previous Rule 3.800(a) motion in this Court. On March 6, 2001, the trial court denied the 3.850 motion for lack of jurisdiction. The appeal in the present case is from the March 6, 2001, order. While an appeal of a prior postconviction motion is pending, the trial court has no jurisdiction to rule on a subsequent postconviction motion when the issues in the two motions are related. However, where the issues in each motion are not related to each other, the trial court does not lose jurisdiction over the later-filed motion. See Bates v. State, 704 So.2d 562 (Fla. 1st DCA 1997); Kimmel v. State, 629 So.2d 1110 (Fla. 1st DCA 1994). The appellant's Rule 3.850 motion raises claims of ineffective assistance of counsel and the state's breach of the plea agreement, while his Rule 3.800(a) motion raised claims of scrivener's errors, scoresheet errors, and double jeopardy. Because the issues in the two motions are unrelated, the trial court had jurisdiction to address the merits of the instant Rule 3.850 motion. We accordingly reverse the order under review and remand this case to the trial court to consider the merits of the appellant's Rule 3.850 motion.
ALLEN, C.J., MINER and WEBSTER, JJ., concur.