PER CURIAM.
The appellant challenges the trial court’s dismissal of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which alleged several grounds of ineffective assistance of counsel. The trial court summarily dismissed the appellant’s motion because it was successive and because it was without jurisdiction to rule on the motion. Because the appellant’s motion is successive, we affirm.
The trial court determined that the summary denial of the appellant’s previous rule 3.850 motion was pending on appeal with this Court at the time the appellant filed his second motion and concluded that it was without jurisdiction for that reason. Although the appellant’s appeal of a previous denial was pending on appeal at the time he filed his second motion, the issues in the motions were unrelated, so the trial court did not lose jurisdiction to rule on the subsequent motion. McFarland v. State, 808 So.2d 274 (Fla. 1st DCA 2002). However, the appellant’s motion was properly dismissed as successive because he failed to show that the grounds asserted were not known and could not have been known to him at the time of his earlier motion. Zeigler v. State, 632 So.2d 48 (Fla.1993), cert. denied, 513 U.S. 830, 115 S.Ct. 104, 130 L.Ed.2d 52 (1994).
AFFIRMED.
WOLF, C.J., BROWNING and HAWKES, JJ., concur.