PER CURIAM.
The appellant appeals the trial court’s dismissal of his rule 3.800(a) motion for lack of jurisdiction. The trial court found that because the appellant has a pending appeal of the trial court’s order denying his rule 3.850 motion, the trial court was without jurisdiction to hear the appellant’s instant postconviction motion. However, because the issues presented in the instant rule 3.800(a) motion are separate and distinct from those presented in his rule 3.850 motion, the trial court had jurisdiction to entertain the appellant’s rule 3.800(a) motion. See Bates v. State, 704 So.2d 562 (Fla. 1st DCA 1997); Kimmel v. State, 629 So.2d 1110 (Fla. 1st DCA 1994). Accordingly, the trial court’s order is reversed and the appellant’s motion is remanded to the trial court for consideration on the merits.
REVERSED and REMANDED.
BENTON, PADOVANO, and BROWNING, JJ., Concur.