923 So.2d 1285 (2006)
Arthur KOSA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1315.
District Court of Appeal of Florida, Fourth District.
March 29, 2006.
Phillip Menditto of Fred Haddad, P.A., Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant, Arthur Kosa, appeals a final order of restitution, entered on March 23, 2005, nunc pro tunc to September 21, 2000. Kosa was originally charged with two counts of grand theft in the first degree, found guilty, and ordered to pay restitution. The trial court reserved jurisdiction to hold a subsequent hearing to determine whether additional restitution was necessary. Kosa then appealed the decision to this court, and we affirmed. See Kosa v. State (Kosa I), 789 So.2d 1002 (Fla. 4th DCA 2001). In the interim, the trial court conducted two additional restitution hearings. The trial court ordered Kosa to pay additional restitution, and entered an order nunc pro tunc to the initial restitution order. Kosa argues that the trial court lacked jurisdiction to enter this order, by virtue of his pending appeal before this court. We agree, and reverse and remand to the trial court with leave to allow it to conduct a new restitution hearing.
Once a notice of appeal has been filed, exclusive jurisdiction of the matter is before the district court of appeal. Gonzalez v. State, 384 So.2d 57 (Fla. 4th DCA 1980). In Marro v. State, this court held that: "A trial court does not have jurisdiction to hold a restitution hearing or enter an order of restitution after a notice of appeal has been filed." 803 So.2d 906, 907 (Fla. 4th DCA 2002). Therefore, we reverse the trial court's March 23rd order. However, because the trial court reserved jurisdiction to hold a hearing to determine the amount of restitution, we remand to *1286 the trial court to allow it to conduct a new restitution hearing. See Marro, supra.
SHAHOOD and TAYLOR, JJ., concur.