LaROSE, Judge.
 

 Byron Schardt appeals his convictions and sentences for various sexual offenses. We affirm, in part, and reverse, in part.
 

 Mr. Schardt argues that the trial court erroneously denied his request, made on the day of trial, to discharge his private
 
 *140
 
 lawyer and hire a new one. Mr. Schardt’s right to select his own private lawyer is “not unbridled and may be limited in favor of considerations of judicial administration, or if ‘made in bad faith [or] for the sake of arbitrary delay or to otherwise subvert judicial proceedings.’ ”
 
 Evans v. State,
 
 741 So.2d 1190, 1191 (Fla. 4th DCA 1999) (quoting
 
 Foster v. State,
 
 704 So.2d 169, 173 (Fla. 4th DCA 1997)). Mr. Schardt made his request when prospective jurors were about to enter the courtroom. His lawyer was prepared for trial, and Mr. Schardt did not name a specific deficiency in this lawyer’s performance. Mr. Schardt had made no effort to hire a new lawyer.
 
 See id.
 
 The trial court properly balanced Mr. Schardt’s right to discharge his private lawyer and obtain another “against the court’s interest in judicial administration and avoiding unreasonable delay when a defendant seeks to discharge counsel on the day of trial.”
 
 See Jackson v. State,
 
 979 So.2d 442, 445 (Fla. 4th DCA 2008);
 
 see also Bowman v. United States,
 
 409 F.2d 225 (5th Cir.1969). Therefore, we affirm on this point.
 

 The State concedes that the trial court erred in designating Mr. Schardt a sexual predator after Mr. Schardt filed his notice of appeal. We reverse the sexual predator designation and remand for the trial court to strike it. The trial court may renew such designation upon issuance of our mandate.
 
 See Anton v. State,
 
 976 So.2d 6, 8 (Fla. 2d DCA 2008).
 

 Affirmed in part, reversed in part, and remanded.
 

 WHATLEY and CASANUEVA, JJ., Concur.