WARNER, J.
 

 We reconsider this appeal from the denial of a rule 3.800(a) motion in which appellant challenged his sexual predator designation. We had originally affirmed the ruling in
 
 Breitberg v. State,
 
 942 So.2d 439 (Fla. 4th DCA 2006), on the ground that a challenge to the sexual predator designation could not be made through a rule 3.800(a) motion, because the sexual predator designation was not a sentence, relying on
 
 Saintelien v. State,
 
 937 So.2d 234 (Fla. 4th DCA 2006),
 
 aff'd on other grounds,
 
 990 So.2d 494 (Fla.2008). We certified conflict with
 
 King v. State,
 
 911 So.2d 229 (Fla. 2d DCA 2005), on the issue. In
 
 Saintelien,
 
 the supreme court held that a rule 3.800(a) motion may be used to challenge a sexual predator designation, but specified its holding applied only when it is apparent from the face of the record that the criteria for designation were not met. It then quashed our decision in this case, and remanded for reconsideration and review of the record based upon
 
 Saintelien. See Breitberg v. State,
 
 3 So.3d 1193 (Fla.2009). Because the issue raised on this challenge is not within the narrow ruling of
 
 Saintelien,
 
 we affirm.
 

 Appellant claims his sexual predator designation is void, because it was entered after he had filed a notice of appeal from his qualifying conviction and sentence. This jurisdictional challenge was not addressed in
 
 Saintelien.
 
 In that case, the supreme court acknowledged that the sexual predator designation is not a sentence or a punishment. 990 So.2d at 496. Bowing to the reality that criminal courts make that designation shortly after sentencing, the court determined that for judicial efficiency reasons, it would permit challenges to the sexual predator designation to be made by filing a rule 3.800(a) motion but only where it is apparent from the face of the record that the defendant did not meet the criteria for being designated a sexual predator.
 

 That is not the claim of appellant in this case. He does not challenge that fact or claim that he does not meet the criteria. He challenges the designation order as being made -without jurisdiction because of the pendency of his appeal. Therefore, given the narrow use of rule 3.800(a) motions to correct sexual predator designation approved by
 
 Saintelien,
 
 we affirm.
 

 Even if this issue cannot be considered in a rule 3.800(a) challenge, if the trial court was without jurisdiction it would make the order void and thus reachable by some procedural vehicle. However, we conclude that the filing of the notice of appeal of the conviction and sentence did not divest the trial court of jurisdiction to enter the sexual predator designation order. “The general rule is that an appeal of an order divests the trial court of jurisdiction except to those matters which do not interfere with the power of the appellate court to determine the issues which are on appeal.”
 
 Kimmel v. State,
 
 629 So.2d 1110, 1111 (Fla. 1st DCA 1994). Because the sexual predator designation is not a sentence at all, it would not interfere with the
 
 *1255
 
 power of the appellate court to dispose of issues related to appellant’s conviction and sentence. The trial court was not divested of jurisdiction to consider the issue even after the filing of an appeal.
 

 Appellant relies on
 
 Shepherd v. State,
 
 912 So.2d 1250 (Fla. 2d DCA 2005), in which a sexual predator designation was vacated on direct appeal, the appellate court concluding that the trial court was divested of jurisdiction to amend the sentence after the filing of the notice of appeal. Although
 
 Shepherd
 
 reaches a contrary result to our decision, it relied on cases which hold that the trial court is “divested of jurisdiction to amend
 
 the sentence
 
 ” once an appeal is filed.
 
 Id.
 
 at 1252 (citing
 
 Dailey v. State,
 
 575 So.2d 237 (Fla. 2d DCA 1991)) (emphasis added). Because the supreme court held in
 
 Saintelien
 
 that the sexual predator designation is not a sentence,
 
 Shepherd’s
 
 analytical underpinning has been removed. We therefore find it distinguishable.
 

 Based upon the foregoing analysis, we affirm the order denying relief to appellant.
 

 FARMER and HAZOURI, JJ., concur.