GROSS, C.J.
 

 After a jury trial, appellant was convicted of attempted burglary of a structure and possession of burglary tools. The trial court sentenced him to concurrent terms
 
 *310
 
 of one year and one day in prison. The judgment entered by the court stated that appellant had been convicted of attempted burglary as a second degree felony. Appellant filed a notice of appeal four days later. After the filing of the notice, the trial court entered a corrected judgment finding appellant guilty of burglary as a third degree felony.
 

 Once the notice of appeal was filed, the trial court lacked jurisdiction to enter the corrected judgment nunc pro tunc to the date of the first judgment.
 
 See Kosa v. State,
 
 923 So.2d 1285 (Fla. 4th DCA 2006);
 
 State v. Offill,
 
 837 So.2d 533 (Fla. 2d DCA 2003);
 
 Campbell v. State,
 
 789 So.2d 1213 (Fla. 1st DCA 2001). Thus, the only order on appeal is the original judgment.
 

 The evidence at trial established only that appellant attempted to enter a structure. The evidence thus supports a conviction of attempted third degree burglary. “[A]n attempted burglary and a completed burglary of an unoccupied structure are both third-degree felonies.”
 
 Mejias v. State,
 
 731 So.2d 728, 732 (Fla. 3d DCA 1999) (Cope, J., dissenting) (citations omitted). We reverse the original judgment and remand to the circuit court for the entx-y of a corrected judgment indicating that appellant was convicted of attempted third degree burglary, a third degree felony.
 
 See
 
 §§ 810.02(4)(a), 777.04(4)(d)2, Fla. Stat. (2007).
 

 POLEN and STEVENSON, JJ., concur.