PER CURIAM.
 

 Michael A. Rogers (appellant) appeals his conviction of one count of capital sexual battery on D.B., a child under 12 years of age, by a defendant age 18 or older, in violation of section 794.011(2)(a), Florida Statutes (2004). Appellant also challenges the trial court’s orders designating him a “sexual predator” and imposing restitution. Because the record demonstrates neither a misapplication of the law nor an abuse of discretion by the trial court in ruling on evidentiary matters, we affirm the conviction without further discussion. We also affirm the order designating appellant a sexual predator. We reverse the restitution order on jurisdictional grounds and remand that issue.
 

 After adjudicating appellant guilty on August 14, 2008, the trial court sentenced appellant to life in prison without eligibility for parole. At the State’s request, the court orally designated appellant a “sexual predator” under section 775.21, Florida Statutes (2008), without a contemporane
 
 *806
 
 ous objection. Upon the State’s further request, the court orally ordered restitution, reserving jurisdiction to determine the appropriate payees and amounts once the State presented specific evidence. Appellant appealed on August 27, 2008. On September 3, 2008, the trial court entered written orders finding appellant’s conviction was for a qualifying offense, designating appellant a sexual predator, and imposing $468.00 in restitution. On May 19, 2009, appellant filed a rule 3.800(b)(2), Florida Rules of Criminal Procedure, motion to strike the sexual predator classification order and restitution order on the ground his filing the notice of appeal divested the trial court of jurisdiction over these matters before the issuance of the written orders. The court denied the motion.
 

 We review de novo the issue of law whether the trial court had jurisdiction, after appellant filed his notice of appeal, to issue written orders memorializing its pri- or oral pronouncements on appellant’s designation as a sexual predator and restitution.
 
 See Lande v. Lande,
 
 2 So.3d 378, 380 (Fla. 4th DCA 2008). On the matter of “sexual predator” classification, appellant does not contend he is ineligible. Indeed, his conviction of a capital felony under chapter 794, Florida Statutes (2004), mandated his designation as a sexual predator.
 
 See
 
 § 775.21(4)(a)l., Fla. Stat. He bases his challenge solely on the jurisdictional argument and on
 
 Schardt v. State,
 
 10 So.3d 139 (Fla. 2d DCA 2009), a materially distinguishable case in which the State conceded error in the initial designation of Schardt as a sexual predator. “The designation of a person as a sexual predator is neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes.” § 775.21(3)(d), Fla. Stat.;
 
 Kelly v. State,
 
 795 So.2d 135, 138 (Fla. 5th DCA 2001). The circuit court has concurrent jurisdiction with the district court of appeal to decide a “collateral, ministerial and procedural matter” under rule 9.600(a), Florida Rules of Appellate Procedure. We conclude the trial court correctly denied appellant’s challenge to the mandatory sexual predator classification under rule 9.600(a) and
 
 Breitberg v. State,
 
 14 So.3d 1253 (Fla. 4th DCA 2009).
 

 The trial court did not have the benefit of the
 
 Breitberg
 
 decision, which was issued a month after the denial of appellant’s motion to strike the designation. Even so, the trial court’s ruling is consistent with the analysis of this issue in
 
 Breitberg.
 
 As in appellant’s case, Breit-berg made no claim he did not meet the statutory criteria for designation as a sexual predator.
 
 See id.
 
 at 1254. Instead, Breitberg sought to void his sexual predator designation because the trial court entered the order after he filed a notice of appeal from his qualifying judgment and sentence. After determining Breitberg’s record did not facially establish that his case fell within the narrow rule in
 
 Saintelien v. State,
 
 990 So.2d 494, 495 (Fla.2008), allowing a rule 3.800(a) movant to challenge his sexual predator classification, the Fourth District Court directly addressed the jurisdictional challenge and concluded the filing of the notice of appeal did not divest the trial court of jurisdiction to designate Breitberg a sexual predator.
 
 See Breitberg,
 
 14 So.3d at 1254-55. In
 
 Kimmel v. State,
 
 629 So.2d 1110, 1111 (Fla. 1st DCA 1994) (order on appellee’s motion to dismiss), we acknowledged “[t]he general rule is that an appeal of an order divests the trial court of jurisdiction except for those matters which do not interfere with the power of the appellate court to determine the issues which are on appeal.” Citing
 
 Kimmel,
 
 the court in
 
 Breitberg
 
 determined that because sexual predator classification is not “a sentence or punish-
 
 *807
 
 raent” under the “sexual predator” statute and
 
 Saintelien,
 
 the designation order would not interfere with the appellate court’s power to dispose of issues relating to the judgment and sentence. Thus, the filing of Breitberg’s, and likewise appellant’s, notice of appeal did not divest the trial court of jurisdiction to issue a designation order.
 
 See
 
 14 So.3d at 1254-55. Appellant can show no error in the denial of this part of his rule 3.800(b)(2) motion.
 

 In challenging the trial court’s jurisdiction to enter the written restitution order after the filing of the notice of appeal, appellant properly relies on the similar facts in
 
 Pearson v. State,
 
 686 So.2d 721 (Fla. 2d DCA 1997). There, the court held Pearson’s notice of appeal, after the trial court reserved jurisdiction on the amount of restitution, divested the trial court of jurisdiction to enter a restitution order.
 
 Pearson
 
 observed that on remand, the trial court could conduct another hearing and re-impose restitution.
 
 See id.
 
 at 721-22;
 
 see also Horan v. State,
 
 990 So.2d 1264 (Fla. 1st DCA 2008) (stating the filing of the notice of appeal divested the trial court of jurisdiction to enter an order determining restitution, reversing the restitution order, and remanding with an acknowledgment the trial court could hold another restitution hearing). The State’s answer brief neither cites
 
 Pearson
 
 or
 
 Horan
 
 nor attempts to distinguish their consistent holdings. We reverse the restitution order on jurisdictional grounds, recognizing that upon remand returning jurisdiction to the lower tribunal, the court may revisit the subject of restitution and (if necessary to resolve any factual disputes involving the amount) hold a restitution hearing.
 

 We AFFIRM the judgment and sentence and the order designating appellant a sexual predator; we REVERSE the restitution order and REMAND the matter to the trial court.
 

 KAHN, DAVIS, and THOMAS, JJ., concur.