WALLIS, J.
Appellant challenges the trial court’s order that dismissed Appellant’s second Florida Rule of Criminal Procedure 3.800(a) motion for a lack of jurisdiction. We reverse.
Appellant’s first rule 3.800(a) motion challenged the accuracy of his sentencing scoresheet. The trial court denied the motion, and Appellant appealed the order. See Thomas v. State, 114 So.3d 954 (Fla. 5th DCA 2013), reh’g denied (June 7, 2013). During that appeal, Appellant filed his second rule 3.800(a) motion. The trial court dismissed the second motion because Appellant’s first rule 3.800(a) motion was pending before this Court. Because the issue raised in Appellant’s second motion is distinct from the issue raised in his first motion, we hold that the trial court erred in dismissing Appellant’s second motion for lack of jurisdiction. See McFarland v. State, 808 So.2d 274, 274 (Fla. 1st DCA 2002) (“[Wjhere the issues in each motion are not related to each other, the trial court does not lose jurisdiction over the later-filed motion.”).
Accordingly, we reverse and remand for the trial court to consider the instant rule 3.800(a) motion on its merits.
REVERSED and REMANDED.
TORPY, C.J., and BERGER, J., concur.