MAY, J.
In this Anders[1] appeal, we are asked to review a final judgment of conviction and sentence that resulted from the revocation of the defendant’s probation. We find no *1030 basis for reversal, but the ease provides us ■with an opportunity to address a jurisdictional issue, and to recede in part from our decision in Harris v. State, 961 So.2d 1131 (Fla. 4th DCA 2007).
In 2010, the defendant entered a plea to aggravated battery with great bodily harm. The trial court sentenced him to four years’ imprisonment followed by three years’ probation. ■ Within the first year of his probation, his supervising officer filed an affidavit alleging the defendant violated his probation by committing the offenses of: (1) leaving the scene of an accident without giving information, and (2) giving false information to a law enforcement officer.
The trial court held a.full evidentiary hearing. The court specifically found the defendant violated probation by leaving the scene of an accident without giving information, but did not violate probation by giving false information to a law enforcement officer. The court then considered whether the defendant was a danger to the community, as required by section 948.06(8)(e)l, Florida Statutes (2014).
The trial court found the defendant was a danger to the community and sentenced him as a habitual offender to seven years’ imprisonment with credit for time served. The court pronounced its findings multiple times on the record at the hearing on May 19, 2014. The court signed a disposition order finding the defendant had violated his probation and entered a judgment committing him to the Florida Department of Corrections on the day of the hearing. It did not, however, enter an order specifying the nature of the violation or reflecting its finding that the defendant was a danger to the community on that day.
On June 4, 2014, the defendant filed his notice of appeal. The trial court entered two written orders on June 16 and 17, 2014, respectively, which conformed to its oral pronouncements from May 19, 2014.[2] The first order articulated the court’s finding that the defendant was a danger to the community, pursuant to section 948.06(8)(e)l, Florida Statutes (2014). The second specified that the defendant violated his probation by leaving the scene of an accident on July 7,2013.
Defense counsel filed an Anders brief, advising there were no issues- of merit. However, she suggested that we remand the case for the trial court to reenter its orders since they had been entered after the defendant filed his notice of appeal. Under Harris, we held that a substitute judge lacked jurisdiction to enter written orders conforming to the trial court’s oral pronouncements after a notice of appeal was filed. Harris, 961 So.2d at 1131.
We affirmed the order revoking probation, but remanded the case for a written order specifying the violation that served as the basis for the revocation. Id. Harris cited to Riley v. State, 884 So.2d 1038 (Fla. 4th DCA 2004). There, we also affirmed an order revoking probation, but remanded the case for a written order specifying the conditions violated. Riley, 884 So.2d at 1038.
*1031 Harris also cited to Kosa v. State, 923 So.2d 1285 (Fla. 4th DCA 2006), where we reversed a restitution order that was entered after the defendant filed his notice of appeal even though the trial court had reserved jurisdiction to order restitution. Kosa, 923 So.2d at 1285. We did so because the restitution hearing occurred and the order was entered after the notice of appeal had been filed.. Id. We held the trial court lacked jurisdiction to hold a restitution hearing and enter the order. Id. On remand, we allowed the trial court to conduct the restitution hearing as it had reserved jurisdiction to do so. Id. at 1285-86.
Here, the trial court pronounced the specific condition violated at the hearing on May 19, 2014, and found the defendant posed a danger to the community as required by. section 948.06(8)(e)l. It entered the judgment and sentence, but did not reduce its findings to writing on that day. The defendant filed his notice of appeal on June 4, 2014.
On June 16 and 17, 2014, the trial court entered two orders, respectively: (1) specifying the specific condition violated that was orally pronounced on May 19th; and (2) finding the defendant to be a danger to the community, a requirement under section 948.06(8)(e)l, also orally pronounced on May 19th. Both written orders merely conformed to the judge’s.oral pronouncements from May 19th. The orders were both dated nunc pro tunc to May 19, 2014.
We now recede from Harris to the extent it' can be read to mean that a trial court cannot issue a written order which conforms to its,oral pronouncements after a notice of appeal has been filed. The two orders entered in this case were ministerial in’ nature, ■ simply reducing the trial court’s oral pronouncement to writing. This case is unlike Harris in which a substitute judge issued the order, and unlike Kosa where the court ordered the additional condition of restitution, affecting the scope of the sentence.
Rule 9.600(a) provides in part: “Before the record is docketed, the lower tribunal shall have concurrent jurisdiction with the court to render orders on any other procedural matter relating to the cause, subject to the control of the court....” Fla. ,R. App. P. 9.600(a). This rule allows the trial court to complete ministerial tasks before the transmission of, the record. It allowed for the trial court to reduce its oral pronouncements to writing in this case.
In Rogers v. State, 33 So.3d 805 (Fla. 1st DCA 2010), the First District held that the defendant’s filing of a notice of appeal did not divest the trial court of jurisdiction to enter a written order “memorializing its prior oral pronounceméát[ ] on appellant’s designation as a sexual predator.” Id. at 806. The" trial court had orally pronounced the designation, but failed to reduce it to writing before ‘the defendant appealed.
Relying on our earlier decision in Breitberg v. State, 14 So.3d 1253 (Fla., 4th DCA 2009), the court stated: “[T]he filing of Breitberg’s, and likewise appellant’s, notice of appeal did not divest the trial court of jurisdiction to issue a designation order.” Rogers, 33 So.3d at 807. In Breitberg, we stated:
[W]e conclude that the filing of the notice of appeal of the conviction and sentence did not divest the trial court of jurisdiction to enter the sexual predator designation order. “The general rule is that an appeal 'of an order divests the .trial court of jurisdiction except to those matters which do not interfere with the power of the appellate court to determine the issues which are on appeal.” Kimmel v. State, 629 So.2d 1110, 1111 (Fla. 1st DCA 1994). Because the sexu *1032 al predator designation is not a sentence at all, it would not interfere with the power of the appellate court to dispose of issues related to appellant’s conviction and sentence. The trial court was not divested of jurisdiction to consider the issue even after the filing of an appeal.
Breitberg, 14 So.3d at 1254-55.
The same is true here. The trial court made the requisite findings and orally pronounced them at the probation violation hearing. The two orders entered after the defendant filed his notice of appeal were ministerial in nature. They did not constitute a modification of the sentence.[3] They therefore did not interfere with the power of this Court.
We therefore recede from Harris to the extent it holds that the trial court is divested of jurisdiction to issue written orders conforming to oral pronouncements once the notice of appeal is filed if done before the record is transmitted.[4]
Affirmed.
CIKLIN, C. J., WARNER, STEVENSON, GROSS, TAYLOR, DAMOORGIAN, GERBER, LEVINE, CONNER, FORST and KLINGENSMITH, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. The United States Supreme Court has held that a
probationer is entitled to written notice of the claimed violations of his probation; disclosure of the evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; a neutral hearing body; and a written statemént by the factfinder as to the evidence relied on and the reasons for revoking probation.
See Black v. Romano, 471 U.S. 606, 612, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985) (emphasis added); see also Watts v. State, 688 So.2d 1018, 1018-19 (Fla. 4th DCA 1997). In short, due process requires it. ’

. This case does not involve a departure sentence and is not controlled by Fla. R. of Crim. P. 3.702(d)(18). See Wilcox v. State, 664 So.2d 55 (Fla. 5th DCA 1995) (applying rule requiring written reasons for departure sentence to be filed within 15 days of sentence). See also Domberg v. State, 661 So.2d 285 (Fla.1995) (addressing trial court's jurisdiction when departure sentence is involved).

. Interestingly, the First District also made this distinction in Rogers. There, it reversed the restitution order because the trial court was divested of jurisdiction, but affirmed the designation of sexual predator because it was merely conforming its written order to its oral pronouncement. Rogers, 33 So.3d at 806-07.