# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-4239

_____

AVA ELECTRIS CANNIE,

 Appellant,

 v.

STATE OF FLORIDA,

 Appellee.

_____

On appeal from the Circuit Court for Duval County.
Steven B. Whittington, Judge.

August 9, 2019

PER CURIAM.

Ava Electris Cannie, appeals from an order dismissing her motion seeking additional jail credit brought pursuant to Florida Rule of Criminal Procedure 3.801. The lower court found it lacked jurisdiction to rule on the instant motion due to a pending appeal of a denial of a motion filed pursuant to Florida Rule of Criminal Procedure 3.800 as well other pending appeals in this Court. We reverse.

We have held that "an appeal of a postconviction relief matter will not deprive trial courts of jurisdiction *so long as the issues raised in the two cases are unrelated.*" *Bates v. State*, 704 So. 2d 562, 562 (Fla. 1st DCA 1997) (finding that the trial court had jurisdiction to consider a motion filed pursuant to Florida Rule of

Criminal Procedure 3.850 even though an appeal of an order denying a 3.800 motion was pending in this Court because the issues were unrelated) (citing to *Kimmel v. State*, 629 So. 2d 1110, 1111 (Fla. 1st DCA 1994) ("an appeal of an order divests the trial court of jurisdiction except to those matters which do not interfere with the power of the appellate court to determine the issues which are on appeal.") (emphasis supplied)). Here, Cannie's rule 3.800 motion argued that the lower court was compelled to provide her with her release date. She did not make any argument in the motion relating to jail credit. As such, because the issues are unrelated, the appeal of the rule 3.800 motion did not deprive the court of jurisdiction to rule on the 3.801 motion.

The trial court also cited to Cannie's other pending cases in this Court to support its contention that it lacked jurisdiction. *See* Case No. 1D18-3359; Case No. 1D18-2531; Case No. 1D18-2534; Case No. 1D18-2535. Each of these petitions for writ of prohibition challenge the trial judge's order on disqualification. These cases likewise are unrelated to the appeal at issue. Therefore, we reverse and remand to permit the trial court to review the merits of the motion.

REVERSED and REMANDED.

B.L. THOMAS, ROWE, and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Ava Electris Cannie, pro se, Appellant.

Ashley Moody, Attorney General, and Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.