DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHARLES MARIE WITHAM,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-765

[January 27, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Charles A. Schwab, Judge; L.T. Case No. 562010CF0003756A.

Carey Haughwout, Public Defender, and Robert Porter, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

We affirm the final judgment of conviction and sentence of appellant, based upon a plea agreement. We remand, however, to re-enter the written order revoking probation which was filed after the record on appeal was transferred to this court. As such, the trial court did not have jurisdiction to enter the order. *See* Fla. R. App. P. 9.600(a); *cf.*, *Escobar v. State*, 189 So. 3d 1029, 1031 (Fla. 4th DCA 2016) (trial court has jurisdiction to reduce oral pronouncement to written order after notice of appeal is filed and until record on appeal is transmitted). Here, the court orally pronounced the revocation but did not enter a written order until after the record was transmitted by the clerk.[1] In addition, it appears that duplicate

---

[1] The clerk appears to have been quick in transmitting the record. The appeal was filed on March 18, 2020, and the record was transmitted to this court on March 24, 2020. The Florida Rules of Appellate Procedure provide that the record shall be prepared and served within fifty days of the filing of the notice of appeal. Fla. R. App. P. 9.140(f)(1). The rules do not preclude the early filing of the record,

final judgments were entered. On remand, the court should also strike one of these judgments.

*Affirmed and remanded for entry of order revoking probation.*

CONNER and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

but this cuts off the trial court's concurrent jurisdiction to enter ministerial orders. *See* Fla. R. App. P. 9.600(a).