707 So.2d 933 (1998)
Charles Edward WALK, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1420.
District Court of Appeal of Florida, Fifth District.
March 13, 1998.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
Charles Edward Walk appeals the summary denial of his 3.850 motion for post-conviction relief because it was filed more than two years after the judgment and sentence became final. The order of the trial court is quashed because it had no jurisdiction to entertain or rule upon the motion.
Walk entered a plea of nolo contendere on 5 December 1994 to attempted sexual battery while armed, burglary of a dwelling while armed, burglary of a dwelling with a battery, and petit theft. He was sentenced to three concurrent 17 year sentences and the trial court entered final judgment of conviction the same day as the plea. Walk never appealed his conviction and sentence.
Several years later, the state moved to have Walk declared a sexual predator pursuant to section 775.21(4), Florida Statutes. The trial court granted the motion and entered a written order on 6 February 1997, which was appealed to this court on 24 February 1997.[1] While the appeal was pending, Walk also filed a 3.850 motion claiming that his pleas were involuntarily entered because he was not informed that he could be declared a sexual predator. The subject matter of the appeal and the motion were the same. Therefore, the trial court did not have jurisdiction to rule on the merits of Walk's motion, and the order denying the motion is a nullity. Hall v. State, 697 So.2d 237 (Fla. 5th DCA 1997). Any ruling on the merits from this court would likewise be a nullity. Id.
Under other circumstances, the trial court's ruling would be correct. A motion filed pursuant to rule 3.850 is untimely if filed more than two years after the conviction and sentence become final. Fla. R.Crim. P. 3.850(b). If the conviction and sentence are not appealed, they become final 30 days after they are entered. Ramos v. State, 658 So.2d 169 (Fla. 3d DCA 1995). Walk's conviction *934 and sentence became final on 4 January 1995. Consequently, the motion was time-barred.
Because Walk's appeal of the order declaring him a sexual predator was pending when he filed his rule 3.850 motion, the trial court lacked jurisdiction to rule on the motion. Accordingly, the order denying the motion is quashed.
ORDER QUASHED.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] Walk v. State, 700 So.2d 147, 22 Fla. Law Weekly D2372 (Fla. 5th DCA Oct.10, 1997) (affirmed without opinion).