712 So.2d 765 (1998)
Billy Wayne DANIELS, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 91537.
Supreme Court of Florida.
June 4, 1998.
Billy Wayne Daniels, Bonifay, Petitioner, pro se.
Robert A. Butterworth, Attorney General, and James W. Rogers, Bureau Chief, Criminal Appeals, Tallahassee, for Respondent.
OVERTON, Justice.
We have for review Daniels v. State, 698 So.2d 555 (Fla. 1st DCA 1997), which expressly and directly conflicts with State v. Meneses, 392 So.2d 905 (Fla.1981), and Hall v. State, 697 So.2d 237 (Fla. 5th DCA 1997). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. This case concerns the jurisdiction of the trial and appellate courts to hear and review a Florida Rule of Criminal Procedure 3.850 motion on the merits during the pendency of a direct appeal. We find that neither the trial court nor the First District Court of Appeal had jurisdiction over this cause and we quash the decision of the district court.
Billy Wayne Daniels appealed an order of the trial court revoking his community control. During the pendency of the direct appeal, Daniels filed a motion for postconviction relief pursuant to rule 3.850. The rule 3.850 motion was denied on the merits by the trial court and Daniels appealed. The First District Court of Appeal properly found that the trial court lacked jurisdiction to consider the rule 3.850 motion during the pendency of the direct appeal. However, rather than vacate the trial court's order, the district court proceeded to consider the case and affirmed the trial court's order on the merits.
We accepted jurisdiction because the decision of the First District Court expressly and directly conflicts with the decisions in Meneses and Hall. Those cases make it clear that during the pendency of a defendant's direct appeal, the trial court is without jurisdiction to rule on a motion for postconviction relief. Consistent with Meneses and Hall, we hold that a ruling on the merits of the postconviction motion rendered by the trial court is a nullity, and, consequently, a decision by the appellate court that affirms or reverses the trial court's ruling is also a nullity.
Accordingly, we quash the decision of the First District Court in this case and remand this cause with directions that the trial court's order on the rule 3.850 motion be vacated. Additionally, because we find that Daniels' post-conviction motion was prematurely filed, Daniels may refile the motion *766 without prejudice following an adverse decision in his direct appeal and the motion will not be subject to the restriction against successive motions under rule 3.850(f).
It is so ordered.
KOGAN, C.J., and SHAW, HARDING, WELLS, ANSTEAD and PARIENTE, JJ., concur.