PLEUS, J.
Henry Lincoln Smith has appealed the denial of his rule 3.850 motion without prejudice. The trial court found that defendant’s motion was facially insufficient. The motion states that it was sworn and subscribed by an Orange County Corrections officer pursuant to section 117.10, Florida Statutes, which authorizes correctional officers to administer oaths. In this case there is no statement that the facts in the motion are true and correct. Therefore, the trial court’s order must be affirmed. See, e.g., Katwaroo v. State, 837 So.2d 612 (Fla. 5th DCA 2003).
This court’s records also establish that the defendant is appealing the revocation of probation entered on July 9, 2003. This is also the subject of his rule 3.850 motion. Although the appeal was dismissed on October 22, 2003, for lack of any order of insolvency, it was reinstated on November 3, 2003. (Case No. 5D03-2896). The trial court therefore lacked jurisdiction to rule on the motion during the pendency of Smith’s direct appeal. See Daniels v. State, 712 So.2d 765 (Fla.1998); Hall v. State, 697 So.2d 237 (Fla. 5th DCA 1997).
In Daniels, the supreme court held that a ruling on the merits of a rule 3.850 motion when a direct appeal is pending is a nullity and therefore the appellate court should dismiss an appeal of such an order, rather than affirming. See also, Walk v. State, 707 So.2d 933 (Fla. 5th DCA 1998). However, in this case the trial court did not rule on the merits, but dismissed without prejudice. Our affirmance of the trial court is without prejudice to the defendant filing a proper motion with a sufficient oath after the mandate in Case No. 5D03-2896 has been rendered.
AFFIRMED WITHOUT PREJUDICE.
PETERSON and THOMPSON, JJ„ concur.