879 So.2d 71 (2004)
Horace HANKERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1026.
District Court of Appeal of Florida, Fifth District.
July 30, 2004.
Horace Hankerson, Madison, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach for Appellee.
PALMER, J.
Horace Hankerson (defendant) appeals the amended order entered by the trial court denying his rule 3.800(a) motion.[1] Concluding that the trial court lacked jurisdiction to enter the amended order, we vacate that order and dismiss the instant appeal.
The defendant filed a motion seeking rule 3.800(a) post-conviction relief. The trial court originally entered an order denying the motion on January 27, 2004, and the defendant timely filed a notice of appeal from that order. While the appeal was pending, the trial court entered an amended order, again denying the defendant's 3.800(a) motion. Before the trial court entered its amended order, this court had issued a decision affirming the trial court's original order. However, because of the timely filing of a motion for rehearing, subsequently denied, the mandate did not issue in the original appeal until after the trial court entered its amended order.
*72 The trial court lacked jurisdiction to enter the amended order because the defendant's appeal involving the same rule 3.800(a) motion was pending in this court and the trial court had not sought leave of court to enter an amended order. See Fla. R.App. P. 9.600. As the trial court was without jurisdiction to enter the amended order, it was a nullity. Cf. Tellas v. State, 811 So.2d 756 (Fla. 1st DCA 2002). Importantly, if we were to rule on the merits of the trial court's amended order, our decision would also be a nullity. See Daniels v. State, 712 So.2d 765 (Fla.1998)(holding that since district court of appeal properly found that the trial court lacked jurisdiction to rule on a 3.850 motion during the pendency of a direct appeal, the district court of appeal should have vacated the order rather than affirming on the merits).
Accordingly, we vacate the amended order entered by the trial court and dismiss this appeal.
DISMISSED.
PETERSON and TORPY, JJ., concur.
NOTES
[1] See Fla. R. Cr. P. 3.800.