909 So.2d 519 (2005)
Brian MERRILL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2040.
District Court of Appeal of Florida, Fifth District.
August 26, 2005.
Brian Merrill, Raiford, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Brian Merrill appeals the denial of his post-conviction motion filed pursuant to rule 3.850. The state concedes that Merrill's post-conviction motion was filed and denied while his direct appeal was pending before this court.[1] The state also concedes that the trial court was without jurisdiction to consider Merrill's motion and the trial court's order should be vacated, pursuant to Daniels v. State, 712 So.2d 765 (Fla. 1998), because it is a nullity. In Daniels, the supreme court ruled that a trial court is without jurisdiction to rule on a post-conviction motion while an appellant's direct appeal is pending. Id.; see also Walk v. State, 707 So.2d 933 (Fla. 5th DCA 1998) (stating that, where the trial court did not have jurisdiction to rule on a 3.850 motion, the order denying the motion is a nullity); Hall v. State, 697 So.2d 237 (Fla. 5th DCA 1997) (same).
Accordingly, we VACATE the order and REMAND to the trial court for further consideration because the mandate in Merrill's direct appeal has disposed of his plenary appeal. Smith v. State, 861 So.2d 1292 (Fla. 5th DCA 2004).
PLEUS, C.J. and PETERSON, J., concur.
NOTES
[1] Merrill appealed his conviction and sentence for carjacking in Fifth District Court of Appeal case number 5D04-2899 on 26 August 2004. This court per curiam affirmed in Merrill v. State, 902 So.2d 817 (Fla. 5th DCA 2005) (table decision), and issued a mandate on 20 May 2005.