913 So.2d 769 (2005)
Johnny Ariel RIVERA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2518.
District Court of Appeal of Florida, Fifth District.
November 10, 2005.
*770 Johnny A. Rivera, Sneads, pro se.
No Appearance for Appellee.
PER CURIAM.
Johnny Rivera appeals an order denying his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence and motion to clarify sentence. While this appeal was pending, the trial court granted a motion for reconsideration. Because the trial court lacked jurisdiction to grant the motion for reconsideration while this appeal was pending, we vacate that order and affirm the order denying Rivera's motions.
The procedural history of this case reveals that Rivera filed a motion seeking jail time credit and a motion for clarification of sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court entered a single order denying both motions. Rivera then filed a motion for reconsideration of the denial of his motion to clarify sentence. In this motion, Rivera abandoned his jail time credit claim. Before the trial court ruled on the motion for reconsideration, Rivera filed a notice of appeal of the order denying his rule 3.800(a) motions.[1] During the pendency of the appeal, the trial court granted Rivera's motion for reconsideration and clarified the commencement date of Rivera's sentences.
The order granting Rivera's motion for reconsideration is a nullity because the trial court lacked jurisdiction to enter the order while the appeal of the original order was pending in this court. See Fla. R.App. P. 9.600; Hankerson v. State, 879 So.2d 71 (Fla. 5th DCA 2004); see also Dragomirecky v. Town of Ponce Inlet, 891 So.2d 633 (Fla. 5th DCA 2005). Accordingly, we vacate the order granting the motion for reconsideration of the motion to clarify sentence and affirm the order denying the motion to allow jail time credit. We render this decision without prejudice to the defendant to once again seek a ruling on his motion for clarification from the trial court.
AFFIRMED.
GRIFFIN, SAWAYA and ORFINGER, JJ., concur.
NOTES
[1] By filing his notice of appeal before the trial court disposed of that motion, Rivera abandoned his motion for reconsideration. See Fla. R.App. P. 9.020(h)(3); Moore v. State, 789 So.2d 551 (Fla. 5th DCA 2001).