929 So.2d 1161 (2006)
Marshall C. CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-538.
District Court of Appeal of Florida, Fifth District.
June 2, 2006.
Marshall Carter, Daytona Beach, pro se.
No Appearance for Appellee.
SAWAYA, J.
In his 1995 case, Marshall Carter appeals the denial of his second rule 3.850 motion for postconviction relief. We vacate the trial court's order as a nullity and dismiss this appeal for lack of jurisdiction.
On direct appeal, Carter's five convictions were affirmed by this court, although resentencing was ordered. Carter v. State, 689 So.2d 455 (Fla. 5th DCA 1997). This court's mandate issued on April 9, 1997, making Carter's convictions final. See, e.g., Joseph v. State, 835 So.2d 1221, 1222 n. 3 (Fla. 5th DCA 2003) ("The two-year limitation is not tolled by other collateral proceedings filed in the trial court, even if a corrected sentence is entered.").
Carter has since filed several postconviction motions, one of which resulted in his resentencing on September 26, 2003, nunc pro tunc to August 9, 1996. After that, he filed a rule 3.800(a) motion to correct his September 26, 2003, sentence. It was denied; he appealed; and this court per curiam affirmed on June 21, 2005. Carter v. State, 905 So.2d 146 (Fla. 5th DCA 2005). Carter's motions for a written opinion, for rehearing, and for rehearing en banc were all rejected.
On October 20, 2005, Carter filed his second rule 3.850 motion, raising three claims that again attacked his September 26, 2003, sentence. While that was pending, Carter sought and received a belated appeal of that same sentence. The order granting relief was treated as a notice of appeal under rule 9.141(c)(5)(D) and that belated direct appeal is still pending in this court, case number 5D05-4482. Because jurisdiction had already lodged in this court for Carter's pending resentencing *1162 appeal, the trial court erred in ruling on his rule 3.850 motion.
When a defendant files a notice of appeal before the trial court disposes of his postconviction motion, the defendant is deemed to have abandoned his motion. Hankerson v. State, 879 So.2d 71 (Fla. 5th DCA 2004); Moore v. State, 789 So.2d 551, 552 (Fla. 5th DCA 2001). Here, the trial court's order is a nullity because the court lacked jurisdiction to enter the order while the appeal of the same subject matter was pending in this court.[1]See Fla. R.App. P. 9.600; Rivera v. State, 913 So.2d 769, 770 n. 1 (Fla. 5th DCA 2005); Hankerson, 879 So.2d at 71-72. Further, as the trial court pointed out in denying rule 3.850 relief, Carter's claims are matters to be raised on direct appeal.
ORDER VACATED; APPEAL DISMISSED.
THOMPSON and MONACO, JJ., concur.
NOTES
[1] We note, as an aside, that the trial court's April 6, 2006, "Order Denying Motion To Correct Sentencing Error" suffers from the same procedural flaw, so that the trial court was without jurisdiction to issue that order as well.

We further note that Carter cannot persist in contesting his sentences forever. See Isley v. State, 652 So.2d 409, 411 (Fla. 5th DCA 1995) ("Enough is enough.").