943 So.2d 966 (2006)
Carl D. MEINTZER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2649.
District Court of Appeal of Florida, Fifth District.
December 8, 2006.
Carl D. Meintzer, Jr., Jasper, pro se.
*967 Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Carl Meintzer, Jr., appeals the summary denial of his Rule 3.850 motion for post-conviction relief. We conclude that the trial court lacked jurisdiction to enter the appealed order and that it must be vacated.
Meintzer was charged in Orange County Case No. 48-2002-CF-005651 with attempted second degree murder and aggravated battery. After a jury trial, he was found guilty of aggravated battery and was sentenced on April 2, 2003, to eight years incarceration followed by five years probation. His judgment and sentence were affirmed on appeal. Meintzer v. State, 865 So.2d 659 (Fla. 5th DCA 2004).
Meintzer later filed a petition alleging ineffective assistance of appellate counsel, which was granted on May 11, 2006 (Case No. 5D06-210). The new appeal is currently pending in this court. (Case No. 5D06-1896).
Meintzer filed his 3.850 motion for post-conviction relief on January 21, 2005, before this court granted the petition alleging ineffective assistance of appellate counsel. However, the trial court did not enter an order denying the 3.850 motion until June 15, 2006, after this court allowed the second appeal.
The trial court is divested of jurisdiction upon the filing of a notice of appeal except with regard to those matters which do not interfere with the power and authority of the appellate court or with the rights of a party to the appeal which are under consideration by the appellate court. See Daniels v. State, 712 So.2d 765 (Fla. 1998) (trial court lacks jurisdiction to rule on 3.850 motion during pendency of direct appeal); Cross v. State, 930 So.2d 863 (Fla. 2d DCA 2006); Carter v. State, 929 So.2d 1161 (Fla. 5th DCA 2006) (where defendant received belated appeal of sentence, trial court lacked jurisdiction to rule on 3.850 motion attacking the same sentence); Johnson v. State, 657 So.2d 11 (Fla. 2d DCA 1995) (trial court lacks jurisdiction to consider the merits of a Rule 3.850 motion while the direct appeal of the defendant's judgment and sentence is pending). Because Meintzer is attacking the same judgment in the pending appeal and in his Rule 3.850 motion, the trial court lacked jurisdiction to rule on the 3.850 motion once the belated appeal was granted and the circuit court had notice of the new appeal. It does not matter that defendant filed the 3.850 motion before this court granted his petition alleging ineffective assistance of appellate counsel, since the trial court did not rule on the 3.850 motion until after this court had reacquired appellate jurisdiction over the case. We surmise that the trial judge assigned must not actually have been aware of the pending belated appeal even though the clerk of the circuit court had been given notice by this court. Rather than complete work on the pending Rule 3.850 motion, the trial court should have abated the 3.850 motion until we dispose of the current appeal. If we ultimately reverse the judgment, the 3.850 motion would become moot.
The State acknowledges that once this court granted the second direct appeal, the trial court was divested of jurisdiction to rule on the post-conviction motion. However, the State suggests that this court should dismiss the appeal for lack of jurisdiction, reasoning that, since the trial court's order is a nullity, any decision that affirms or reverses the trial court's order is also a nullity.
*968 In Daniels, the supreme court held that an order entered without jurisdiction is a nullity, and consequently, a decision by the appellate court that affirms or reverses the trial court's order is also a nullity. However, that holding was in reference to a district court decision that had affirmed a void order on the merits. The supreme court remanded the case with specific instructions to the district court to vacate the order. Accord Merrill v. State, 909 So.2d 519 (Fla. 5th DCA 2005) (where this court vacated an appealed order which was a nullity). In Carter, this court vacated the void order and then dismissed the appeal.
ORDER VACATED; APPEAL DISMISSED.
SAWAYA and EVANDER, JJ., concur.