MARSTILLER, J.
 

 Appellant, Kevin LeGrand, was found guilty by a jury of burglary of an occupied dwelling and sentenced as a prison releasee reoffender to fifteen years in prison, with credit for 323 days time served. He appeals his conviction and sentence arguing that the trial court abused its discretion by failing to conduct a Nelson
 
 [1]
 
 inquiry and by dismissing his motion for postconviction relief for lack of jurisdiction. For the reasons below, we affirm.
 

 Appellant filed a Motion for
 
 Nelson
 
 Inquiry approximately three months before trial claiming ineffective assistance of counsel. As grounds for the motion, Appellant stated that he felt he was not being “properly represented” by his appointed assistant public defender, that he had only met with the attorney three times in seven months, and that the attorney had not “thoroughly explained” the details of the case with him. The trial court summarily denied the motion finding that Appellant had not sufficiently raised incompetence of counsel as to warrant a hearing on his request to replace his attorney.
 

 Immediately following trial, Appellant filed a pro se Motion for Postconvietion Relief pursuant to Florida Rule of Criminal Procedure 3.850. Appellant primarily claimed ineffective assistance of counsel, alleging that his assistant public defender failed to call an important alibi witness, failed to depose the victim, and failed to properly present a motion to suppress. Appellant also complained of the trial court’s failure to conduct a
 
 Nelson
 
 hearing. He further stated in his 3.850 motion, “I am filing Notice of Appeal, pending this motion.” Four days later, before the trial court disposed of the motion, Appellant’s trial counsel filed a notice of appeal. The trial court subsequently dismissed the 3.850 motion, reasoning that the court lacks jurisdiction to consider the motion while Appellant’s conviction and sentence are on appeal in this Court. The dismissal
 
 *926
 
 order permits Appellant to re-file the motion after this appeal becomes final.
 

 When a defendant seeks to discharge court-appointed counsel before trial, claiming that counsel is ineffective, “the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant.”
 
 Nelson v. State,
 
 274 So.2d 256, 258-59 (Fla. 4th DCA 1973). However, “a
 
 Nelson
 
 hearing [is] unwarranted where a defendant presents general complaints about defense counsel’s trial strategy and no formal allegations of incompetence have been made.”
 
 Morrison v. State,
 
 818 So.2d 432, 440 (Fla.2002) (citing
 
 Davis v. State,
 
 703 So.2d 1055, 1058-59 (Fla.1997);
 
 Gudinas v. State,
 
 693 So.2d 953, 962 n. 12 (Fla.1997);
 
 Branch v. State,
 
 685 So.2d 1250, 1252 (Fla.1996)). Dissatisfaction with court-appointed counsel, and complaints about trial strategy or the amount of communication with counsel are insufficient to require a
 
 Nelson
 
 inquiry.
 
 See Sexton v. State,
 
 775 So.2d 923, 931 (Fla.2000) (disagreement with attorney’s trial strategy and preparation insufficient to support claim of incompetence);
 
 Watts v. State,
 
 593 So.2d 198, 203 (Fla.1992) (defendant’s dissatisfaction that counsel had not visited him in jail not grounds to inquire about counsel’s effectiveness);
 
 Tucker v. State,
 
 754 So.2d 89, 93 (Fla. 2d DCA 2000) (defendant’s claim that counsel believed defendant was guilty did not require
 
 Nelson
 
 hearing);
 
 Dunn v. State,
 
 730 So.2d 309, 312 (Fla. 4th DCA 1999) (dissatisfaction with counsel’s trial preparation, witness development, and lack of contact did not constitute clear allegations of ineffective assistance). Rather, to trigger such inquiry, a defendant must present the trial court with specific allegations suggesting counsel’s ineffectiveness.
 
 Cf. Haugabook v. State,
 
 689 So.2d 1245, 1246 n. 1 (Fla. 4th DCA 1997)
 
 (Nelson
 
 inquiry would have been required where defendant alleged that counsel failed to adequately object to State’s peremptory exclusions of black jurors, but defendant’s motion to discharge counsel was untimely). Here, Appellant sought a
 
 Nelson
 
 inquiry because he felt he was not being “properly represented” by court-appointed counsel, who had neither met with him often enough nor sufficiently explained “the details of the case.” We consider these general complaints, insufficient to suggest ineffective assistance of defense counsel. As such, the trial was not required to conduct a
 
 Nelson
 
 hearing.
 
 Morrison,
 
 818 So.2d at 440.
 

 As to Appellant’s second issue on appeal, we find that Appellant abandoned his motion for postconviction relief when he filed his notice of appeal in this Court.
 
 See Carter v. State,
 
 929 So.2d 1161, 1162 (Fla. 5th DCA 2006). Accordingly, trial court appropriately dismissed Appellant’s motion for lack of jurisdiction with leave to re-file after this appeal becomes final.
 
 See Hogarth v. State,
 
 970 So.2d 880, 880 (Fla. 1st DCA 2007);
 
 Rivera v. State,
 
 913 So.2d 769, 770 (Fla. 5th DCA 2005).
 

 AFFIRMED.
 

 WOLF and LEWIS, JJ., concur.
 

 [1]
 

 .
 
 Nelson
 
 v.
 
 State,
 
 274 So.2d 256 (Fla. 4th DCA 1973).