PER CURIAM.
Miakkar L. Brown appeals the summary denial of his rule 3.850 motion for postconviction relief. We vacate the order because an appeal of Brown’s original conviction was pending when the trial court entered the order of denial.[1] The state concedes that the trial court loses jurisdiction to rule on a motion for postconviction relief during the pendency of the defendant’s direct appeal. See Daniels v. State, 712 So.2d 765, 765 (Fla.1998). Once jurisdiction is returned to the trial court upon the issuance of the mandate in the direct appeal (Case No. 4D10-1566), the trial court will be authorized to rule on the postconviction motion.

Order vacated.

MAY, C.J., WARNER and TAYLOR, JJ., concur.

. The pending appeal resulted from our granting of Brown’s petition alleging ineffective assistance of appellate counsel in his original direct appeal.