DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARMANDO RIVAS,**
Appellant,

v.

**THE BANK OF NEW YORK MELLON** f/k/a **THE BANK OF NEW YORK,**
as Trustee for the Certificateholders of the **CWALT, INC.,**
Alternative Loan Trust 2006-33CB, Mortgage Pass-Through Certificates,
Series 2006-33CB, **LUZ C. RIVAS, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,** as nominee for **COUNTRYWIDE
BANK, FSB, ESTATES OF BOYNTON WATERS WEST HOMEOWNERS'
ASSOCIATION, INC.,**
Appellees.

No. 4D17-3629

[January 17, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Joseph G. Marx, Judge; L.T. Case No. 502012CA010633.

Armando Rivas, Boynton Beach, pro se.

Nancy M. Wallace of Akerman LLP, Tallahassee, William P. Heller of
Akerman LLP, Fort Lauderdale, and Adam G. Schwartz of Akerman LLP,
West Palm Beach, for appellee The Bank of New York Mellon.

KUNTZ, J.

The Borrower appeals from an order denying his motion to vacate a
foreclosure judgment. After the foreclosure judgment was rendered, the
Borrower appealed the judgment. Later, and during the pendency of the
Borrower's appeal from the foreclosure judgment, the Borrower filed the
motion to vacate at issue in this appeal. The circuit court denied the
motion to vacate and the Borrower filed a notice of appeal.

The Bank asserts that the circuit court lacked jurisdiction to consider
the Borrower's motion to vacate during the pendency of the appeal of the
foreclosure judgment and, as a result, the court's order is void. Further,
the Bank moves to dismiss this appeal, arguing that this Court is without
jurisdiction to consider an appeal of a void order. The Borrower responds

to the Bank's motion to dismiss and, in addition to various other requests, asks that we vacate the court's order denying the motion.

We agree that the circuit court's order is void and that we lack jurisdiction to review the merits of the court's order. However, dismissal of the appeal is not the appropriate remedy, as we have jurisdiction to consider whether the circuit court acted outside the scope of its own jurisdiction. Instead, the appropriate remedy is to vacate or quash the void order. *See, e.g., Daniels v. State,* 712 So. 2d 765, 765 (Fla. 1998); *see also Sec. Nat'l Mortg. Co. v. Reid,* 185 So. 3d 1265, 1266 (Fla. 4th DCA 2016) (declining to reach the merits of the order appealed because the trial court lacked jurisdiction to enter it).

We therefore do not reach the merits of this appeal and instead quash the order denying the motion to vacate the foreclosure judgment. In so doing we express no comment on the merits of the court's denial of the motion to vacate nor the underlying foreclosure judgment.[1]

*Order quashed.*

GROSS and TAYLOR, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] In light of our disposition, we deny the Bank's motion to dismiss appeal as moot.