DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NICKOLAS WHITE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-126

[July 12, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 95-000066 CF 10B.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Nickolas White ("White"), who is currently serving a sentence of life imprisonment for an offense he committed as a juvenile, appeals from the trial court's denial of his motion seeking judicial review of the sentence pursuant to section 921.1402, Florida Statutes (2021). We reverse the order on review because the trial court lacked jurisdiction to conduct the sentence review proceeding during the pendency of White's direct appeal from his 2021 life sentence. Our disposition on this point moots our consideration of White's other arguments in this appeal.

The trial court initially sentenced White in 1996 to life imprisonment without the possibility of parole for a first-degree murder he committed when he was a juvenile. In accordance with *Miller v. Alabama*, 567 U.S. 460 (2012), and *Horsley v. State*, 160 So. 3d 393 (Fla. 2015), White was resentenced in 2017 to life imprisonment with the possibility of judicial review after 25 years. We reversed White's 2017 sentence on direct appeal. *See generally White v. State*, 271 So. 3d 1023 (Fla. 4th DCA 2019). The trial court subsequently resentenced White in 2021 to life imprisonment with the possibility of judicial review after 25 years.

The trial court was divested of jurisdiction to conduct the sentence review proceeding contemplated by section 921.1402 when White filed his notice of appeal from his 2021 life sentence before the trial court's disposition of his sentence review motion. *See Daniels v. State*, 712 So. 2d 765, 765 (Fla. 1998) ("[D]uring the pendency of a defendant's direct appeal, the trial court is without jurisdiction to rule on a motion for postconviction relief."); *Kosa v. State*, 923 So. 2d 1285, 1285 (Fla. 4th DCA 2006) ("Once a notice of appeal has been filed, exclusive jurisdiction of the matter is before the district court of appeal."). As a result, the trial court's order denying White relief from his life sentence on his motion for sentence review was a nullity. *See Daniels*, 712 So. 2d at 765 (holding that a ruling on the merits of a postconviction motion rendered by the trial court during the pendency of a defendant's direct appeal "is a nullity").

We therefore reverse the order on review and remand for the trial court to reconsider White's motion for sentence review pursuant to section 921.1402 now that his currently pending direct appeal from his 2021 life sentence has been resolved by this court. *See generally White v. State*, No. 4D21-2620, 2023 WL 3640196 (Fla. 4th DCA May 25, 2023) (table case). On remand, the trial court may reconsider its disposition of the section 921.1402 motion without the need for further evidentiary proceedings.

*Reversed and remanded with instructions.*

WARNER, GERBER and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**