DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

ALTON T. McDANIEL,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-0672

_____

November 13, 2024

Appeal from the Circuit Court for Sarasota County; Dana Moss, Judge.

Alton T. McDaniel, pro se.

PER CURIAM.

Alton T. McDaniel appeals the trial court's order striking his petition for writ of habeas corpus and the order striking his motion for appointment of regional conflict counsel and request for conditional release. We affirm the order striking his request for conditional release. However, we reverse the order striking his habeas petition and remand for further proceedings.

In 2016, after a bench trial, the trial court acquitted Mr. McDaniel, by reason of insanity, of first-degree arson. The trial court committed him to the Department of Children and Families pursuant to section

916.15, Florida Statutes (2016). In 2017, Mr. McDaniel was conditionally released. His conditional release was later revoked. He was, again, committed to the Department for involuntary hospitalization. He remains in its custody. The Twelfth Circuit Public Defender has represented Mr. McDaniel throughout his commitment. *See* § 916.15(4).

Citing a "maturity gap," Mr. McDaniel filed a pro se motion seeking appointment of regional counsel to request conditional release. The postconviction court struck the motion because Mr. McDaniel was represented by counsel. *See Logan v. State*, 846 So. 2d 472, 476 (Fla. 2003). We affirm. *Cf. LeGrand v. State*, 31 So. 3d 924, 926 (Fla. 1st DCA 2010).

Thereafter, Mr. McDaniel filed a pro se petition for habeas and prohibition. He asserted that he is not mentally ill, he was wrongly committed to Florida State Hospital, he is being kept against his will, and his prescribed medications are "harmful and not good for the central nervous system." He asked for release, arguing that his involuntary commitment should be vacated because he was found not guilty by reason of insanity. Again, the postconviction court struck the petition; Mr. McDaniel remained represented by counsel.

Our opinion in *Wood v. State*, 385 So. 3d 1104 (Fla. 2d DCA 2024), controls. In that case, Ms. Wood challenged an order striking her petition for writ of habeas corpus. *Id.* at 1105. The trial court had found her incompetent to stand trial. *Id.* She was committed to the Department for mental health treatment in the Florida State Hospital. *Id.* Ms. Wood filed a petition for writ of habeas corpus. *Id.* The trial court struck the petition. As here, the trial court found that Ms. Wood was represented by counsel. *Id.* It also found that it lacked the authority to rule on the petition because she was confined outside the

2

trial court's jurisdiction.  *Id.*  We concluded that the trial court erred in striking her petition.  *Id.* at 1105-06.  Pertinent to this appeal, we held that the trial court should have addressed the merits of Ms. Wood's petition under section 916.107(9)(a), Florida Statutes (2022).  In relevant part, that statute provides as follows:

> (9)    HABEAS CORPUS.
>
> (a)    At any time, and without notice, a forensic client detained by a facility, or a relative, friend, guardian, representative, or attorney on behalf of such client, may petition for a writ of habeas corpus to question the cause and legality of such detention and request that the committing court issue a writ for release.  Each client shall receive a written notice of the right to petition for a writ of habeas corpus.

*Id.*

A " '[f]orensic client' . . . means any defendant who has been committed to the department or agency pursuant to s. 916.13, s. 916.15, or s. 916.302."  § 916.106(9), Fla. Stat. (2024).

Mr. McDaniel is a forensic client under section 916.15.  He challenges the cause and legality of his detention.  As in *Wood*, we reverse the order striking the petition and remand for the trial court to address the merits of the petition.

Affirmed as to order striking motion for appointment of regional conflict counsel and request for conditional release; reversed as to order striking habeas petition.

LaROSE, CASANUEVA, and ROTHSTEIN-YOUAKIM, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.