# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2025-0008
LT Case No. 2020-CF-000486-A

———————————————

ANTONIO RIVERA,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————

3.800 Appeal from the Circuit Court for Hernando County.
Stephen E. Toner, Jr., Judge.

Antonio Rivera, Crawfordville, pro se.

No Appearance for Appellee.

June 6, 2025

PER CURIAM.

Antonio Rivera appeals the trial court's order denying his Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct illegal sentence. Because Rivera filed his rule 3.800(b)(2) motion after his initial brief was filed in this Court, his motion was untimely filed. *See* Fla. R. Crim. P. 3.800(b)(2) ("If an appeal is pending, a defendant or the state may file in the trial court a motion to correct a sentencing error. The motion may be filed by

appellate counsel and must be served before the party's first brief is served."); *see also Ashford v. State*, 49 Fla. L. Weekly D2240 (Fla. 5th DCA Nov. 8, 2024) (finding that "the rule 3.800(b)(2) remedy is foreclosed" where defendant had already served his initial brief on his appeal). During the pendency of a direct appeal, the trial court lacks jurisdiction to enter an order on a motion to correct illegal sentence. *See* Fla. R. Crim. P. 3.800(a)(1); *Smart v. State*, 200 So. 3d 1285, 1285 (Fla. 5th DCA 2016) (finding "the trial court lacked jurisdiction to rule on [Appellant's] motion to correct illegal sentence during the pendency of his direct appeal"). As such, the trial court's order should be vacated and the instant appeal should be dismissed. *See Meintzer v. State*, 943 So. 2d 966, 968 (Fla. 5th DCA 2006).

ORDER VACATED; APPEAL DISMISSED.

MAKAR, KILBANE, and PRATT, JJ., concur.

————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

————————————————