# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-0659
LT Case No. 2024-CF-002678-A

_____

JESSE STONE,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Marion County.
Lisa D. Herndon, Judge.

Matthew J. Metz, Public Defender, and Joseph Chloupek,
Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Tabitha
Mills, Assistant Attorney General, Daytona Beach, for Appellee.

January 2, 2026

SOUD, J.

    In this *Anders*[1] case, Appellant Jesse Stone appeals his
judgment and sentence on the charges of sexual battery and

---

[1] *See Anders v. California*, 386 U.S. 738 (1967).

burglary of a dwelling with an assault or battery. We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.030(b)(1)(A). We affirm without further comment Stone's judgment and sentence.

We write to emphasize that, while generally a defendant's filing of a notice of appeal divests the lower court of jurisdiction to further act in a case,[2] "before the record [on appeal] is docketed" a trial court continues to have concurrent jurisdiction under Florida Rule of Appellate Procedure 9.600(a) to correct sua sponte or upon motion "clerical mistakes in judgments, decrees, or other parts of the record arising from oversight or omission." *See* Fla. R. App. P. 9.600(a); *see also Luhrs v. State*, 394 So. 2d 137, 139 (Fla. 5th DCA 1981) ("Prior to the time the record on appeal is transmitted, the lower tribunal has concurrent jurisdiction with the appellate court to render orders on any procedural matter relating to the cause."); *Escobar v. State*, 189 So. 3d 1029, 1031–32 (Fla. 4th DCA 2016).

Further, since a scrivener's error in a judgment and sentence deviating from the pronounced sentence constitutes an illegal sentence,[3] the error may be corrected under Florida Rule of Criminal Procedure 3.800(a). And as the rule plainly provides, the trial court may do so "at any time," except for the time provided by Rule 3.800(b) or otherwise during the pendency of a direct appeal.[4]

---

[2] *See Meintzer v. State*, 943 So. 2d 966, 967 (Fla. 5th DCA 2006).

[3] *See Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007) ("In effect, . . . we have determined that a written sentence that conflicts with the oral pronouncement of sentence imposed in open court is an illegal sentence.").

[4] Rule 3.800(a) expressly authorizes "a party" to file a motion to correct the illegal sentence, which encompasses both the State and a defendant. *See also* Fla. R. Crim. P. 3.800(b). And even in the absence of such a motion, the trial court retains "the inherent authority to sua sponte correct" a scrivener's error in its judgment and sentence. *See Spear v. State*, 341 So. 3d 1106, 1111 (Fla. 2022). The trial court's authority in this regard is cabined "with[in] rule-

Finally, given the recurrence of scrivener's errors in judgment and sentences making their way to this Court in *Anders* cases, we also strongly caution both prosecutors and defense counsel alike that it is their responsibility, in addition to that of the trial court, to review written judgment and sentences in a timely manner to ensure that a written judgment is in accord with the sentence as pronounced by the trial court. And in the instance a trial clerk prepares and the trial judge signs a written judgment containing a scrivener's error (despite their good and hard work), it is incumbent upon counsel, and especially the prosecutor, to bring the error to the trial court's attention via motion so that it may be corrected below.

AFFIRMED.

It is so ordered.

JAY, C.J., and EDWARDS, J., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

---

based parameters." *See Coffin v. State*, 386 So. 3d 634, 637 (Fla. 1st DCA 2024) (discussing *Spear*).